# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY STRICKLIN, | NO. 1:09-CV-00632-AWI-GSA |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | FOR LACK OF PROSECUTION |
| PALISADES COLLECTION, LLC., | |
| Defendant. | |

## BACKGROUND

On April 9, 2009, Plaintiff filed his complaint against Palisades Collection, LLC. On June 1, 2009, Plaintiff filed a notice of settlement. No further document was filed in this action.

On March 2, 2010, the Clerk of the Court issued a minute order that placed this matter on the court's March 29, 2010 calendar for a hearing on dismissal for lack of prosecution. The minute order stated any opposition to dismissal was to be filed by March 15, 2010. Plaintiff did not file an opposition to dismissal for lack of prosecution and did not contact the court in any way.

On March 29, 2010, the court held a hearing concerning dismissal of this action for lack of prosecution. Neither Plaintiff nor his attorney were present when the case was called. Noting that nothing had occurred in this action since the parties filed a notice of settlement, the court dismissed this action.

///

## LEGAL STANDARD

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation;(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## DISCUSSION

The court finds that dismissal for Plaintiff's failure to prosecute is appropriate. The public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending since April 9, 2009. Despite Plaintiff's notice of settlement, Plaintiff has failed to provide the court with a stipulation for dismissal. The court cannot manage its docket if it maintains cases in which a plaintiff has failed to litigate his case. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. The court cannot continue to expend its scare resources assisting a litigant who will not help himself by filing the required documents. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. Pagtalunan, 291 F.3d at 642. Defendant has agreed to settle this action. As such, any risk of prejudice to Defendant also weighs in favor of dismissal.

The availability of less drastic sanctions has been considered, but given that Plaintiff did not comply with the court's March 2, 2010 order, appear at the March 29, 2010 hearing, or otherwise contact the court, the court has no effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal. Pagtalunan, 291 F.3d at 643. However, the court finds this factor has little weight in actions where the Plaintiff has been unable or unwilling to proceed with the action. "[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re PPA, 460 F.3d at 1228.

**ORDER**

Accordingly, the court ORDERS that:

1. This action is DISMISSED for Plaintiff's failure to prosecute; and
2. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:   March 29, 2010**            /s/ Anthony W. Ishii
                         CHIEF UNITED STATES DISTRICT JUDGE